# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1224 | **DATE** | 7/11/13 |
| **CASE TITLE** | Donald Lee McDonald (#N-23082) vs. Gwendollete Brown, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to alter or amend judgment [#10] is denied. The case remains closed. Pursuant to the plaintiff's request, the clerk is directed to process the motion, in the alternative, as a notice of appeal. *See* Fed. R. Civ. P. 4(a)(4).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. §§ 1331, 1985(c), and 1986. The plaintiff claims that public defenders have conspired against him and provided ineffective representation in connection with multiple appeals and collateral attacks arising from his state criminal convictions. The plaintiff additionally seeks to hold Cook County liable for perceived errors on the part of its circuit court, and the State of Illinois liable for failing to prevent the purported wrongs committed by the other three defendants.

By Minute Order of May 21, 2013, the court granted the plaintiff leave to proceed *in forma pauperis* but summarily dismissed the complaint on preliminary review pursuant to 28 U.S.C. § 1915A. This matter is before the court for ruling on the plaintiff's motion to alter or amend judgment.

The motion is denied. Rule 59(e) permits parties to file, within twenty-eight days of the entry of judgment, a motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). Motions under Rule 59(e) serve the limited function of allowing the court to correct manifest errors of law or fact or to consider newly discovered, material evidence. *See Seng–Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Resnick*, 594 F.3d at 568 (appellate court reviews denial of Rule 59(e) motion for abuse of discretion). Here, the court remains satisfied that it properly dismissed the plaintiff's claims.

**(CONTINUED)**

mjm

As discussed in the court's order of dismissal, defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore generally cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also McDonald v. White*, 465 Fed. Appx. 544, 548-49 (7th Cir. 2012); *Bowdry v. Ochalla*, 605 F. Supp. 2d 1009, 1011-12 (N.D. Ill. 2009) (Pallmeyer, J.).

The court recognized that an attorney could be successfully sued under § 1983 if a plaintiff alleges and proves a conspiracy with state actors. *Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001) (citing *Tower v. Glover*, 467 U.S. 914, 923-24 (1984)). But in the case at bar, there is no factual basis whatsoever for the plaintiff's "conspiracy" claim.

Even under the liberal standards of federal notice pleading, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff's repeated use of the word "conspiracy," without any facts to support an inference of conspiracy between defense attorneys and state actors, is insufficient to state a tenable claim under 42 U.S.C. § 1983. The plaintiff may not "constitutionalize" his claims simply by using a legal buzzword.

Because the plaintiff has articulated no viable federal cause of action against his defense attorneys with respect to his dissatisfaction with their representation, he cannot recover damages from Cook County. In order to recover damages from a municipality under either a failure-to-train theory or a failure-to-institute-a-municipal-policy theory, the plaintiff must prove that the individual officers are liable on the underlying substantive claim. *Thurman v. Village of Homewood*, 446 F.3d 682, 686 (7th Cir. 2006) (citing *Windle v. City of Marion*, 321 F.3d 658, 663 (7th Cir. 2003); *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998)). In turn, the Eleventh Amendment altogether bars private litigants' suits for damages against the State of Illinois in federal court. *See, e.g., Turpin v. Koropchak*, 567 F.3d 880, 883 n.4 (7th Cir. 2009).

The plaintiff's attempts to recharacterize his claims to avoid the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and/or federal rules governing successive habeas petitions are to no avail. The plaintiff has already had the opportunity to seek federal habeas review of his conviction. *See United States ex rel. McDonald v. Page*, Case No. 99 C 8357 (N.D. Ill.), dismissed by Opinion and Order of July 20, 2000 (Norgle, J.), *aff'd* 14 Fed. Appx. 651 (7th Cir. 2001). Consequently, the plaintiff must obtain leave from the U.S. Court of Appeals for the Seventh Circuit before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). The court cannot consider, in the context of a civil rights action, the plaintiff's claims calling into question the propriety of his conviction or sentence.

**(CONTINUED)**

Nor can this court entertain the plaintiff's claims that the state court proceedings denied him due process. The *Rooker-Feldman* doctrine bars a federal district court from overturning a state court judgment in the context of a civil rights action. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *Yoder v. Ryan*, 318 F. Supp. 2d 601, 604 (N.D. Ill. 2004) (Bucklo, J.) (district court cannot sit in review of state circuit court's judgment of commitment); *Cain v. Ryan*, 171 F. Supp. 2d 813, 817-18 (N.D. Ill. 2001) (Gettleman, J.) (same). The plaintiff may appeal any and all state circuit court decisions to the Illinois Appellate Court, then file a petition asking the Illinois Supreme Court for permission for leave to appeal, and then file a petition for a writ of *certiorari* with the U.S. Supreme Court. However, there is no appeal to the lower federal court. No matter how the plaintiff casts or recasts his arguments, he is essentially seeking an impermissible re-examination of state court proceedings by this court.

For the foregoing reasons, the plaintiff's motion to alter or amend judgment is denied. The court's order of dismissal stands. Pursuant to the plaintiff's request at p. 11, the clerk is directed to treat the motion, in the alternative, as a notice of appeal. *See* Fed. R. Civ. P. 4(a)(4).